CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 31, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **OTIS T. MADISON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00749 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHADWICK DOTSON, DIRECTOR** ) | JUDGE JAMES P. JONES |
| **OF THE VIRGINIA DEPARTMENT** ) | |
| **OF CORRECTIONS, ET AL.,** ) | |
| ) | |
| Defendants. ) | |

*Otis T. Madison, Pro Se Plaintiff.*

The plaintiff, a Virginia prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Madison alleges that while he was confined at Red Onion State Prison (Red Onion), a facility operated by the Virginia Department of Corrections (VDOC), prison employees used excessive force against him. Madison has filed separate motions seeking interlocutory injunctive relief and appointment of counsel. After review of the pleadings and the record, I conclude that the motions must be denied.

Specifically, Madison alleges that on March 26, 2024, after he engaged in an altercation with Red Onion prison officials, a K-9 officer ordered his dog to bite Madison when no such use of force was justified by the circumstances. While

Madison awaited treatment, other officers allegedly used physical force against him. When Madison staged a hunger strike, Red Onion and VDOC officials allegedly failed to respond to his requests for further investigation or documentation of the use of force incident. Rather than investigate the officers' use of force, investigators questioned Madison related to criminal charges that he possibly faced related to the incident. On May 12, 2024, Madison was placed in handcuffs that were allegedly too tight, and officer Smith denied his request for an Emergency Grievance Form. Madison believes that officials have targeted him and fears for his life and safety.

In Madison's separate motion seeking interlocutory relief, he refers to the dog bite incident on March 26, 2024, officers' further physical assault on him while he was seeking medical care, verbal threats officers allegedly made to kill him if he publicized the dog bite incident, periodic denial of showers, meals, and recreation in the following weeks, and the too-tight handcuffs event in May of 2024. Based on these past events, Madison asks for a temporary restraining order and preliminary injunction without specifying the relief the court should order or what type of harm, if any, he is likely to suffer in the absence of court intervention.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*,

555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied before the court can grant this extraordinary type of relief.  *Id.*

Madison has not stated facts showing that he is in imminent danger of suffering irreparable harm if he remains confined at ROSP.  His factual allegations all concern past events from March to May 2024.  Yet he filed this civil action in October 2024.  At the most, Madison alleges that officers in the aftermath of the alleged events immediately following the incident in March 2024 made unspecified verbal threats against him.  But he does not state facts connecting those past threats to any more recent verbal comments or intervening occurrences that would support a finding that he faces imminent harm without court intervention.  Allegations about past events, without more, do not provide a factual basis for the extraordinary, interlocutory relief that Madison requests.  In short, the factual matter provided in this motion does not satisfy the legal standard under *Winter* as required.  Therefore, I will deny the motion.

Madison also moves for court appointment of counsel to assist him in this case.  The court cannot require an attorney to represent an indigent civil plaintiff.  *Mallard v. United States D. Ct. for S.D. of Iowa*, 490 U.S. 296, 309 (1989).  Rather, the court may request that an attorney represent an indigent plaintiff when exceptional circumstances exist.  *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  Exceptional circumstances depend on the type and complexity of the case and the

ability of the plaintiff to present it. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309.  Madison states that he needs counsel appointed because his case is complicated for unspecified reasons.  On the contrary, I find the case to be a simple dispute of facts as to whether officers used excessive force or otherwise violated Madison's rights as he alleges.  Moreover, at this stage of the litigation, the defendants have not yet submitted any response to Madison's claims.  Therefore, I find no grounds at this time on which to grant Madison's motion for counsel.

For the stated reasons, it is **ORDERED** that Madison's motions seeking appointment of counsel and interlocutory injunctive relief, ECF Nos. 3 and 6, are DENIED.

ENTER:   December 31, 2024

/s/  JAMES P. JONES
Senior United States District Judge