CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 04, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **OTIS T. MADISON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00749 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHADWICK DOTSON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Otis T. Madison, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by using excessive force against him, among other claims.  Madison has also filed a Motion for Preliminary Injunction and Temporary Restraining Order.  Upon review, I conclude that the motion must be denied.

Under the Prison Litigation Reform Act, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. 3626(a)(2).  Furthermore, a party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In requesting that the court enjoin the defendants from injuring him in the future, Madison seeks an order for the defendants to remove canines from the Red Onion State Prison premises, promulgate policies restricting canine use for any purpose in housing units, or prohibit canine use in Restorative Housing/Step-Down Units where inmates are restrained and escorted by officials. Mot. Prelim. Inj. 4, Dkt. No. 66.

To consider whether such prospective relief is warranted, courts "shall give substantial weight to any adverse impact on . . . the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A). Prison officials have a general "duty under the Eighth Amendment to ensure 'reasonable safety,' a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994) (internal quotations and citations omitted). "'Because the use of dogs within a prison strikes the court as a reasonable means to ensure the safety of all inmates,'" *Keystone v. McDuffy*, No. 7:18CV00334, 2018 WL 6070349, at *3 (W.D. Va. Nov. 20, 2018), I cannot conclude that the relief Madison seeks is

the least intrusive means necessary to correct the harm alleged, and his request for interlocutory injunctive relief must be denied.[1]

For the stated reasons, it is **ORDERED** that the Motion for Preliminary Injunction and Temporary Restraining Order, Dkt. No. 66, is DENIED.

ENTER:  June 4, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] Madison also requests a temporary restraining order.  Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond.  See Fed. R. Civ. P. 65(b).  Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.  Considering that Madison is not entitled to a preliminary injunction, there is no basis upon which to grant him a temporary restraining order.